# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| TANESHA JOHNSON, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 6:18-CV-00001-RWS |
| § | |
| v. § | |
| § | |
| ROSS STORES, INC, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is Plaintiff Tanesha Johnson's Motion to Dismiss. Docket No. 18. Defendant Ross Stores, Inc. filed a response. Docket No. 20. The Court held a hearing on July 10, 2018. Docket No. 23. Based on the briefing and argument and for the reasons below, Plaintiff's Motion to Dismiss is **GRANTED**.

## BACKGROUND

This is a personal injury case. Plaintiff claims she was injured while shopping at a Ross Dress for Less store in Tyler, Texas. Docket No. 3 at 2. Specifically, Plaintiff claims she was injured when a bathroom stall door fell on top of her. *Id*. Defendant denies any liability. Docket No. 4. Plaintiff originally filed this lawsuit in state court in December 2017. Docket No. 3. Defendant removed this action to federal court in January 2018. Plaintiff now seeks to dismiss the case without prejudice. Docket No. 18.

## LEGAL STANDARD

"Rule 41(a)(2) of the Federal Rules of Civil Procedure allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). "Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, and the district court's decision on this issue is reviewed only for abuse of discretion." *Id.* at 1274–75. While the ability to grant a dismissal is at the discretion of the Court, "generally, a district court should grant a motion for voluntary dismissal unless the defendants can show they will suffer some plain legal prejudice as a result." *Phillips v. Illinois Cent. Gull R.R.*, 874 F.2d 984, 986 (5th Cir. 1989).

Some factors the Court may consider include whether: "(1) the suit is still in pretrial status; (2) the parties have filed numerous pleadings and memoranda; (3) the parties have attended conferences; (4) there are prior court determinations adverse to plaintiff's position; (5) hearings have been held; (6) any defendants have been dismissed on summary judgment; and (7) the parties have undertaken significant discovery." *Glascock v. Prime Care Seven, L.L.C.*, No. SA-08-CA-334-FB, 2008 U.S. Dist. LEXIS 50936, at *4-5 (W.D. Tex. June 26, 2008) (internal citations omitted).

## ANALYSIS

Plaintiff argues that she is entitled to a dismissal without prejudice under Rule 41(a)(2). Docket No. 18. Specifically, Plaintiff argues that the factors set forth in *Glascock* weigh heavily in her favor. *Id.* at 3. In response, Defendant argues it would be unfairly prejudiced by a dismissal at this point. Docket No. 20 at 3.

Here, under the factors espoused in *Glascock*, Defendant would not be unfairly prejudiced. The suit is still in pre-trial status. The parties have not filed numerous pleadings or motions. There

are no prior court determinations adverse to Plaintiff. No hearings have been held, except for the one on this motion. No defendants have been dismissed on summary judgment grounds.

Lastly, the Fifth Circuit has stated that clear legal prejudice may exist when dismissal might result in a party's loss of a potentially valuable defense. *See U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003). Yet Defendant has not argued that a voluntary dismissal would potentially strip it of a valuable defense. Thus, this exception does not apply.

## CONCLUSION

Accordingly, Plaintiff's Motion to Dismiss (Docket No. 18) is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED this 11th day of July, 2018.**

*[Signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE